**UNITED STATES of America, Plaintiff—Appellee,**

v.

**VANCE M., A Juvenile, Defendant—Appellant.**

No. 01–30388.

D.C. No. CR–01–00074–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2002 *.

Decided Aug. 14, 2002.

Before HAWKINS, GOULD, Circuit Judges, and WARE,** District Judge.

### MEMORANDUM ***

Petitioner V.J.M. ("Vance"), a juvenile, appeals his sentence of probation until he turns twenty-one (approximately 77 months). We affirm for substantially the reasons stated by the district court.

Vance argues that his probation term is governed by the five year maximum stated in 18 U.S.C. § 3561(c). We reject this argument because 18 U.S.C. § 3561(c) is not applicable in this case. The first section of 18 U.S.C. § 3561, § 3561(a), bars probation for all Class A felonies. It follows that the temporal limitation in § 3561(c) is only applicable when probation itself is authorized. Vance's offense would have been a Class A felony if he had been tried and convicted as an adult. 18 U.S.C. § 2241(c). Therefore, the limitation in § 3561(c) does not control Vance's probation term.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable James Ware, District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The only applicable limitation on Vance's probation term is the date when he becomes twenty-one, as stated in 18 U.S.C. § 3057(b)(1)(A). Vance's probation term is consistent with this limitation.

AFFIRMED.